UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON
CIVIL ACTION NO. 09-217-DLB-JGW

RYAN JUSTUS ANDERSON,                                            PLAINTIFF

VS.

GAP, INC.,                                                                            DEFENDANT

**REPORT & RECOMMENDATION**

Plaintiff Ryan Justus Anderson, proceeding *pro se,* initiated this litigation by filing a complaint against his former employer on December 22, 2009. The case has been referred to the undersigned magistrate judge for pretrial management. 28 U.S.C. §636(b). I now recommend dismissal of this case based upon plaintiff's failure to effect service on the defendant pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, and failure to prosecute.

**I. Background and Analysis**

On December 22, 2009, plaintiff filed a *pro se* complaint, alleging employment discrimination in violation of the Americans with Disabilities Act, together with a motion to proceed *in forma pauperis*. On December 29, 2009, the plaintiff's motion to proceed *in forma pauperis* was denied without prejudice to renew. On January 22, 2010, plaintiff paid the requisite $350.00 filing fee. On February 16, 2010, the presiding district judge conducted a limited initial screening of the complaint and directed summons to issue for the defendant, with plaintiff to be "responsible for effectuating service of process." The court's order specifically explained:

> Plaintiff Ryan Justus Anderson is responsible for contacting and arranging with the Clerk of Court Office to retrieve the issued summons, and for effectuating proper service of the summons and Complaint under the Federal Rules of Civil

Procedure, paying particular attention to **all** applicable provisions of Federal Rule of Civil Procedure 4.

Doc. 6 at 3. The record reflects that summons was issued on February 16, 2010, but that the plaintiff has failed to effectuate service on the defendants to date.

Rule 4(m) of the Federal Rules of Civil Procedure provides in pertinent part as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

"Unless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351, 119 S. Ct. 1322 (1999). Indeed, absent either waiver or proper service of process, this Court does not have personal jurisdiction over this Defendant. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (and cases cited therein). Plaintiff bears the burden of exercising due diligence in perfecting service of process and in showing that proper service has been made. *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996); *Jacobs v. University of Cincinnati*, 189 F.R.D. 510, 511 (S.D. Ohio 1999).

Based upon plaintiff's failure to effect timely service of process, and in order to provide plaintiff with adequate notice, on June 24, 2010 the undersigned magistrate notified the plaintiff of the court's intent to dismiss under Rule 4(m), and directed plaintiff to "show cause in writing within **TWENTY DAYS** of the entry date of this Order why the complaint should not be dismissed without prejudice for failure of service of process." Plaintiff has failed to file any response to the court's order, and the time for doing so has now expired.

In the absence of a showing of good cause for the failure to effect timely service, the court has discretion to dismiss *sua sponte*, provided that the plaintiff has notice of the proposed action. *See* Fed. R. Civ. P. 4(m); *Osborne v. First Union Nat'l Bank*, 217 F.R.D. 405, 408 (S.D. Ohio 2003); *United States v. Gluklick*, 801 F.2d 834, 837 (6th Cir. 1986), *cert. denied*, 480 U.S. 919 (1987).

## II. Conclusion and Recommendation

As plaintiff has been provided with adequate notice and has offered no response, **IT IS RECOMMENDED HEREIN THAT** the plaintiff's complaint be **dismissed without prejudice** on the court's own motion based upon the failure of timely service under Rule 4(m), and that this case be stricken from the active docket.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. *U.S. v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 383 (6th Cir. 1995) (citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen (14) days of being served with a copy of these objections.

This the 16th day of July, 2010.

